**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DIANE HOUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| v. | ) | |
| | ) | |
| ARTHUR J. GALLAGHER AND CO AND FIRST | ) | |
| STUDENT, | ) | |
| , | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, by and through her attorneys, The Law Offices of Edward T. Stein, seeks

redress for violations of her civil rights.  This case is brought for relief pursuant to Title VII of

the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of

1991, the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S.C. § 626, et seq.,

the Americans with Disability Act, 42 U.S. C. §§ 12101-12117 ("ADA"), and the Civil Rights

Act of 1866, 42 U.S.C. § 1981as amended by the Civil Rights Act of 1991. Pursuant to Rule 38

of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury.

## JURISDICTION

Jurisdiction of this Court is provided by 28 U.S.C. §§ 1331 and 1343 and 29 U.S.C. § 621, Et.

Seq. Venue is proper in this district because at all times material plaintiff's cause of action arose

in this District.

**PARTIES**

1. Plaintiff is a citizen of the United States, State of Illinois. Plaintiff resides in Bolingbrook, Illinois.

2. Defendant Arthur J. Gallagher and Co. (Gallagher) is a domestic corporation with offices in Naperville, Illinois.

3. Defendant First Student (First) is a domestic corporation with offices in Cincinnati, Ohio and at all times material hereto had offices in Naperville, Illinois.

**CAUSE OF ACTION**

4. On or about August 12, 2009, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) (#440-2008-06264) against Defendant Gallagher.   The EEOC received this charge the same day.

5. On or about August 12, 2009, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) (#440-2009-06265) against Defendant First. The EEOC received this charge the same day.

6. On or about August 24, 2009, the EEOC mailed a certified right to sue letter to the Plaintiff regarding both charges.

7. Plaintiff received those Notices on or about August 29, 2009.

8.  This lawsuit has been filed within 90 days of the Plaintiff's receipt of those notices.

9.   Venue is proper in this judicial district because the Defendant resides in this district, and all of the events giving rise to Plaintiff's claims occurred in this district.

10. Plaintiff, Diane Houston, (hereinafter "Plaintiff") is an African-American female over 40 with a serious disability.  While in the employ of Defendants, Plaintiff was a Unit Supervisor at all times material hereto.

11.  Plaintiff became a full time employee on or about December 15, 2000 for Defendant FIRST. Prior to that Plaintiff worked as a temp. Plaintiff started as a Medical Claims Adjuster handling Worker's Compensation Claims. At the time she was terminated Plaintiff was a Unit Supervisor. In about 2007 FIRST was either acquired by or taken over Defendant GALLAGHER.

12. Plaintiff's work record was excellent and she was consistently complemented for the quality of her work and for efficiency.

13. In about October 2007 the Defendant GALLAGHER switched to a new computer system significantly different than FIRST'S. As a result of technical flaws, not because of Plaintiff, there were backups and delays in processing Worker's Compensation Claims.

14. Plaintiff was blamed for many of these problems. Plaintiff was eventually fired.  The Company failed to follow basic Personnel policies.

15. Defendant intentionally subjected the Plaintiff to unequal discriminatory treatment because of her race, gender, age, disability and/or color and treated her differently than employees similarly situated.

3

16. By engaging in unequal and discriminatory treatment, the Defendant discriminated against the Plaintiff in violation of the statutes set forth in the opening paragraph.

17.  The punishment to Plaintiff, including discharge, was disproportionate to any real or imagined violations caused by Plaintiff.

18.   Plaintiff was terminated on or about July 14, 2009.

19. Defendants' unlawful actions have caused the Plaintiff mental anguish, humiliation, degradation, inconvenience, lost wages and benefits, future pecuniary losses, future earning capacity, and other consequential damages.

WHEREFORE. Plaintiff respectfully prays for:

A.  All wages and benefits he would have received but for the discrimination, including pre-judgment interest;

B.  Compensatory damages in an amount in excess of $50,000;

C.  Punitive damages consistent with existing law;

D.  An award of attorney's fees and all costs and expenses of this litigation; and

E.  Such other relief as law and justice allow.

Respectfully Submitted,

_____

Edward T. Stein

Date: November 17, 2009
Edward T. Stein
LAW OFFICES OF EDWARD T. STEIN
200 S. Michigan, Suite 1240

Chicago, IL 60604
(312) 786-0200
ATTORNEY FOR PLAINTIFF